# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TARGET CORPORATION,** | : |
|     **Plaintiff,** | : |
| | : |
| **v.** | :     **CIVIL ACTION NO. 17-5519** |
| | : |
| **FREDERICK MUTUAL INSURANCE** | : |
| **COMPANY,** *et al.*, | : |
|     **Defendants.** | : |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                                             **March 19, 2018**

        Plaintiff Target Corporation initiated this civil action against Frederick Mutual Insurance Company and five other defendants[1] in the Court of Common Pleas for Bucks County, Pennsylvania. Acting alone, Frederick Mutual removed the action to this Court. Target now moves to remand, arguing that removal was defective because: (1) Frederick Mutual failed to obtain consent of the other defendants prior to removal, and (2) the other defendants are citizens of Pennsylvania. For reasons set forth below, the Court will grant the motion to remand.

## I. BACKGROUND

        On November 21, 2017, Target sued, seeking to enforce its right to defense and indemnification for liability in an underlying action, filed by Ross Smith and his wife after he slipped and fell on ice in a Target parking lot in Bucks County.[2]

        At the time of the accident, Brickman Facility Solutions, LLC ("BFS") was under contract with Target to provide snow and ice management services.[3] Pursuant to the terms of their contract, BFS agreed to maintain liability insurance naming Target as an additional insured,

---

[1] The five other defendants are: (1) Groundtec, Inc., (2) Brightview Enterprise Solutions, LLC (formerly known as Brickman Facility Solutions LLC), (3) Ace American Insurance Company, (4) Ross James Smith, and (5) Mary Smith.

[2] Pl.'s Mot. to Remand at 1-2.

[3] *Id.* at 2. Brickman Facility Solutions, LLC changed its name to Brightview Enterprise Solutions, LLC. The Court will refer to the company as BFS in this memorandum opinion.

and agreed to defend and indemnify Target against third-party claims for injury. BFS was insured by Ace American Insurance Company at the time of Mr. Smith's fall.[4]

BFS in turn subcontracted snow and ice removal to Groundtec, Inc.[5] According to Target, in the subcontract, Groundtec agreed to name both BFS and Target as additional insureds in its liability insurance policy and agreed to defend and indemnify Target against third-party claims for injury. At the time of Mr. Smith's accident, Groundtec was insured under a general liability policy issued by Frederick Mutual.[6]

Target seeks a declaration under the Pennsylvania Declaratory Judgments Act of Frederick Mutual's duty to defend and indemnify Target as an additional insured under its liability policy. Target also seeks a declaration that Groundtec and BFS have a duty to defend and indemnify Target under indemnification provisions in the snow and ice removal contracts. In addition to seeking declaratory relief, Target alleges that Groundtec and BFS breached its contractual duties to defend and indemnify Target. Target also raises breach of contract and insurance bad faith claims against Frederick Mutual.[7]

Target alleges Frederick Mutual initially agreed to defend it in the Smiths' underlying action.[8] However, on September 22, 2017, Frederick Mutual disclaimed its defense of Target and initiated a declaratory judgment action in the Court of Common Pleas for Philadelphia County.[9] On October 31, 2017, Frederick Mutual filed a similar declaratory judgment action

---

[4] *Id.*

[5] *Id.* at 2-3.

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 5.

2

before this Court, and discontinued in state court.[10]

## II. LEGAL STANDARD

28 U.S.C. § 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[11] The defendant seeking removal must file a notice of removal with the district court within 30 days of the plaintiff's service of the complaint.[12] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[13] Furthermore, when removal is based solely upon diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[14]

"The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."[15] "Because federal courts are courts of limited jurisdiction, the federal removal statutes are to be strictly construed."[16] "[A]ll doubts should be resolved in favor of remand."[17]

Once a defendant has removed an action, 28 U.S.C. § 1447 authorizes a plaintiff to seek a remand to state court. "A district court can remand a case for lack of subject matter jurisdiction

---

[10] *See* Civil Action No. 17-4890.

[11] 28 U.S.C. § 1441(a).

[12] 28 U.S.C. § 1446(a),(b).

[13] 28 U.S.C. § 1446(b)(2)(A).

[14] 28 U.S.C. § 1441(b)(2).

[15] *Ramos v. Quien*, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008) (citations omitted).

[16] *Dixon v. Allstate Ins. Co.*, No. 17-532, 2017 WL 1150641, at *1 (E.D. Pa. Mar. 27, 2017) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

[17] *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (citation omitted).

or for a defect in the removal procedure."[18] A motion to remand based on a procedural defect in the notice of removal must be made within 30 days of the filing of the notice of removal.[19] A motion for remand premised on lack of subject matter jurisdiction can be made at any time before final judgment.[20]

III. ANALYSIS

Target first moves to remand because Frederick Mutual failed to obtain consent of the other defendants prior to filing its notice of removal. As previously noted, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[21] Each defendant must sign the notice of removal, file its own, or file a written joinder in the original.[22] In this case, Frederick Mutual acted alone in filing the notice of removal on December 11, 2017. However, by December 8, 2017, Target had served all defendants with the complaint. Despite being served, none of the five other defendants signed the notice of removal, filed its own, or filed a written joinder to the notice of removal. Because Frederick Mutual failed to obtain the consent of the five other served defendants before filing its notice of removal, the Court will remand.

Target also argues that the action must be remanded because five defendants are citizens of Pennsylvania. As mentioned above, when removal is based solely upon diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[23] Referred to as the forum

---

[18] *Dixon*, 2017 WL 1150641, at *1 (citing *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993)).

[19] 28 U.S.C. § 1447(c).

[20] *Id.*

[21] 28 U.S.C. § 1446(b)(2)(A).

[22] *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004).

[23] 28 U.S.C. § 1441(b)(2).

defendant rule, this rule "recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated."[24] Groundtec, BFS, Ace, Mr. Smith, and Mrs. Smith are citizens of Pennsylvania.[25] Thus, the forum defendant rule prohibits removal, and provides a separate basis for remand.

Frederick Mutual contends that the other five defendants were fraudulently joined solely to defeat federal diversity jurisdiction.[26] However, these defendants were joined because the claims raised against them are factually and legally related to the dispute between Target and Frederick Mutual.[27] Target alleges that, like Frederick Mutual, Ace may also be held liable as an insurer for any liability resulting from the personal injury suit. Target also raises breach of contract claims against BFS and Groundtec for their purported failure to indemnify Target under the snow and ice removal contracts. Additionally, under Pennsylvania law, all parties whose interest will necessarily be affected in an action seeking declaratory relief under the Pennsylvania Declaratory Judgments Act must be joined.[28] Accordingly, Target properly joined Groundtec, BFS, Ace, and the Smiths as defendants, as their interests in recovery may be

---

[24] *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 518 (E.D. Pa. 2013) (internal quotation marks and citation omitted).

[25] Groundtec is a Pennsylvania corporation with its headquarters in Quakertown, Pennsylvania. BFS is a Florida limited liability company, but its headquarters are located in Montgomery County, Pennsylvania. Ace is incorporated in Pennsylvania and has its headquarters in Philadelphia, Pennsylvania. The Smiths reside in Bucks County, Pennsylvania.

[26] *See Slaske v. I-Flow Corp.*, No. 09-3963, 2010 WL 2516574, at *1 (D.N.J. June 11, 2010) ("The concept of fraudulent joinder . . . applies when a plaintiff who is not a citizen of a state brings an action in the state court of that state against defendants who are all of diverse citizenship, and names a defendant who is a citizen of that state solely to defeat removal under the forum-defendant rule.") (citation omitted).

[27] *See In re Briscoe*, 448 F.3d at 217 ("Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").

[28] *Vale Chem. Co. v. Hartford Accident & Indem. Co.*, 516 A.2d 684, 688 (Pa. 1986).

affected by the outcome of this action.[29] Since these five defendants were properly joined and are forum defendants, the Court will remand.

## IV. CONCLUSION

For the foregoing reasons, Target's motion to remand will be granted. An Order follows.

---

[29] Frederick Mutual also contends that Target's entire action is improper because its claims should have been filed as compulsory counterclaims under Federal Rule of Civil Procedure 13 in Frederick Mutual's related action in this Court. *See* Civil Action No. 17-4890. Rule 13 provides that a counterclaim must be included as part of a defendant's pleading when certain criteria are met. Fed. R. Civ. P. 13(a). In the related action, Target has filed a motion to dismiss Frederick Mutual's complaint under Rule 12. A motion filed pursuant to Rule 12 is not a pleading. No responsive pleading is due until the disposition of the Rule 12 motion. Since Target need not file compulsory counterclaims until the responsive pleading is due, Frederick Mutual's contentions regarding Rule 13 are premature. Moreover, this argument is not a basis for denying remand of an improperly removed action.